GILBERT, Respondent, vs. COUSINS, Commissioner of Banking, imp., Appellant.

*April 10—July 17, 1920.*

*Banks and banking: Liquidation by commissioner of banking: Claim rejected by commissioner: Complaint: Amendment to incorporate new cause of action.*

Where a claim presented to the commissioner of banking, engaged in liquidating an insolvent trust company, specifically referred to improvident investments by the trust company and not to conversion by the trust company of moneys subsequently received on account of such investments, which was a new and independent cause of action, an amendment to the complaint filed after rejection of the claim by the commissioner should not have been allowed. *Wisconsin Trust Co. v. Cousins, ante,* p. 486, followed.

APPEAL from portions of a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed and modified.*

This appeal is as to certain of the items included in a judgment in plaintiff's favor; the first of such items involved being the investment of $4,000 of the plaintiff's money by the Trust Company June 19, 1899, in the Edward Zohrlaut loan No. 371, and the further investment of $300 in the same loan on January 5, 1905. It was found that the rights of action upon these two original investments as improper ones by the Trust Company were barred by the statute of limitations. The total of the two, however, was allowed as being a conversion of her funds by the transaction of August 2, 1909, which transaction is set forth in the preceding case of *Wisconsin Trust Co. v. Cousins, ante,* p. 486, 179 N. W. 801.

The second item was the investment of $1,000 in the bonds of the Kaukauna Company May 10, 1906, a cause of action for such as an original investment being barred by the statute of limitations. It was held, however, that there was a cause of action for failure to properly apply to plaint-

iff's bonds her proportionate share of the payment made by the city of Kaukauna on July 11, 1912, and for such the trial court awarded her damages. The court further ordered upon the two items here involved the payment of the prior dividends of twenty-five per cent. and twenty per cent., previously allowed in the liquidation proceedings, together with interest upon such deferred dividend payments.

The defendant appealed from the portions of the judgment indicated.

For the appellant there were briefs by *Flanders, Fawsett & Smart,* and oral argument by *Charles E. Monroe,* all of Milwaukee.

*Charles T. Hickox* of Milwaukee, for the respondent.

ESCHWEILER, J. The portions of the judgment appealed from must be reversed by what has been held in the preceding cases, decided herewith (*ante,* pp. 486, 509, 511, 179 N. W. 801, 810, 811).

The cause of action for the improvident investment of plaintiff's funds by the Trust Company in the original Zohrlaut loan was properly held to be barred by the statute of limitations prior to the commencement of the liquidation proceedings, and from what has been held in the preceding cases involving this same subject matter there can be no recovery for any part of such funds based upon the transaction of August 2, 1909, in the Zohrlaut loan.

The cause of action which arose from the improper investment by the Trust Company of $1,000 of plaintiff's money in the bonds of the Kaukauna Company on May 10, 1906, was properly held by the trial court to be barred by the statute of limitations. Recovery was allowed plaintiff for damages arising from what was properly treated as a conversion in July and August, 1912, by the Trust Company of plaintiff's proportionate share of the money paid by the city of Kaukauna upon the bonds of the Kaukauna Company. The original claim filed by plaintiff in the liquidation

proceedings specifically referred, however, to the original investment of May 10, 1906, and claimed relief for such investment, together with interest thereon from May 12, 1912. This claim did not disclose from any express language, nor do we think that a proper inference could be drawn from such claim, that an assertion was made of a right to rely upon what must necessarily be considered as a new and independent cause of action by reason of the conversion in July and August, 1912, of the moneys that were collected by the Trust Company on account of these bonds.

No prior claim, therefore, having been presented to the commissioner of banking in the liquidation proceedings proper for such separate and independent cause of action, it could not properly be made a part of the complaint in this action. The amendment to that effect should not have been allowed, and no relief can be afforded on such cause of action.

*By the Court.*—So much of the judgment as is appealed from is reversed, and the action remanded with directions to modify the judgment in accordance with this opinion.

SIEBECKER, C. J., and ROSENBERRY, J., dissent.